# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4040-17T4

C.B.,

    Plaintiff-Appellant,

v.

R.A.-X.,

    Defendant-Respondent.

_____

Argued April 8, 2019[1] – Decided July 23, 2019

Before Judges Sumners and Mitterhoff.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Somerset County, Docket Nos. FV-18-0555-18 and FV-18-0576-18.

Mark T. Gabriel argued the cause for appellant (Lyons & Associates PC, attorneys; Mark T. Gabriel and Joanna R. Adu, on the briefs).

R. A.-X., respondent, argued the cause pro se.

---

[1] Respondent appeared telephonically.

PER CURIAM

Plaintiff appeals from the Family Part judge's denial of his application for a final restraining order (FRO) against respondent, his ex-wife, under the Prevention of Domestic Violence Act (PDVA), N.J.S.A. 2C:25-17 to -35. In his oral decision, the judge determined that although plaintiff had proven defendant committed several acts of harassment, N.J.S.A. 2C:33-4(a), against him, an FRO was not necessary because there was no proof that defendant posed a threat to plaintiff. Plaintiff contends the judge failed to determine whether defendant violated the cyber-harassment law, N.J.S.A. 2C:33-4.1(a), which warrants a remand. Plaintiff also contends the judge, despite finding defendant harassed him, erred as a matter of law in denying his request for an FRO.

Because we conclude the judge adhered to the law and the credible evidence in the record supported his factual findings, we affirm. We further conclude a remand is unnecessary to determine whether defendant violated the cyber-harassment law because, in exercising original jurisdiction, we find that even though defendant violated the law, she remains no proven threat to justify the issuance of an FRO.

In a domestic violence case, we accord substantial deference to a Family Part judge's findings, which "are binding on appeal when supported by adequate,

2

substantial, credible evidence." Cesare v. Cesare, 154 N.J. 394, 411-12 (1998). We accord that deference especially when much of the evidence is testimonial and implicates credibility determinations. Id. at 412. We do not disturb the judge's factual findings and legal conclusions, unless we are "convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice." Ibid. (quoting Rova Farms Resort, Inc. v. Inv'rs Ins. Co., 65 N.J. 474, 484 (1974)).

When determining whether to grant an FRO pursuant to the PDVA, the judge must make two determinations. Silver v. Silver, 387 N.J. Super. 112, 125-27 (App. Div. 2006). Under the first Silver prong, "the judge must determine whether the plaintiff has proven, by a preponderance of the credible evidence, that one or more of the predicate acts set forth in N.J.S.A. 2C:25-19(a) has occurred." Id. at 125. Considering there is no challenge to the judge's ruling that defendant harassed plaintiff, we briefly discuss his findings.

After a brief marriage of approximately three-and-one-half years, the parties divorced in December 2015, without having any children. Plaintiff re-married ten months later. Defendant also remarried. However, as will be

A-4040-17T4

discussed later, it became the source of the defendant's misconduct towards plaintiff.

Finding the testimony of plaintiff and his wife credible, and defendant's testimony[2] lacking credibility, the judge determined defendant's numerous internet postings, phone calls and emails – some from anonymous accounts – to plaintiff, his wife, and his employer were sent with the purpose to harass plaintiff and cause problems with his marriage, his employment, and his side lawn care business. Thus, there was no question in the judge's mind that the predicate act of harassment satisfied the first Silver prong.

It is the second Silver prong, however, which is the primary focus of this appeal. Under this prong, a judge must determine whether a final restraining order is required to protect the plaintiff from future acts or threats of violence. Silver, 387 N.J. Super. at 127. In reaching that determination, there must be a finding that "relief is necessary to prevent further abuse." J.D. v. M.D.F., 207 N.J. 458, 476 (2011) (quoting N.J.S.A. 2C:25-29(b)). It is well established that the commission of one of the predicate acts of domestic violence set forth in N.J.S.A. 2C:25-19(a) does not, on its own, "automatically . . . warrant the

---

[2] Because defendant resided out-of-state, she was allowed to participate in the trial by video conference.

A-4040-17T4

issuance of a domestic violence [restraining] order."  Corrente v. Corrente, 281 N.J. Super. 243, 248 (App. Div. 1995).  Although that determination "is most often perfunctory and self-evident, the guiding standard is whether a restraining order is necessary, upon an evaluation of the factors set forth in N.J.S.A. 2C:25-29(a)(1) to -29(a)(6), to protect the victim from an immediate danger or to prevent further abuse."  Silver, 387 N.J. Super. at 127.

The judge properly considered these principles in his decision.  He acknowledged there was a prior history of domestic violence by defendant against plaintiff, but found that defendant's current harassment acts – intending to destroy plaintiff's marriage, his employment relationship, and his side business – were motivated by: (1) plaintiff's cooperation with defendant's subsequent husband, who was trying to annul their marriage on the basis that they were married while she was still married to plaintiff; and (2) plaintiff's charges of bigamy against defendant upon the belief that she was married to two other men while she was married to him.  Since the controversy over defendant's alleged bigamous relationships was resolved, the judge reasoned, "I don't sense at all that I need to enter [an FRO] to protect [plaintiff] from [defendant]."  The judge moreover found defendant made no acts or threats of violence, thus there were no concerns that protections – in the form of an FRO – against such future

5

behavior were needed. He further noted that since the parties had no joint possessions nor any children, there was no likelihood of them having any contact in the future. Based upon our deferential standard of review and our review of the record, we see no reason to disturb the judge's finding that an FRO was not necessary because defendant posed no future danger to plaintiff.

Lastly, we address plaintiff's contention that a remand is required because the judge failed to determine whether defendant violated the cyber-harassment law for her internet postings of a picture of plaintiff's penis (referred to as "revenge porn") and allegations that plaintiff was running an illegal business, and that an FRO is necessary to prevent future violations. Plaintiff also points out that despite efforts to remove the revenge porn, it is forever preserved in the internet's public domain.

Plaintiff correctly points out that the judge did not issue his factual findings and conclusions of law as required by Rule 1:7-4. Nevertheless, Rule 2:10-5 provides that "[t]he appellate court may exercise such original jurisdiction as is necessary to the complete determination of any matter on review." In exercising our original fact-finding authority, we do so sparingly and only in clear cases that are free of doubt. Tomaino v. Burman, 364 N.J. Super. 224, 234-35 (App. Div. 2003). In this case, to avoid unnecessary

6

litigation delay, we will not remand, because the record provided allows us to determine whether defendant's conduct was contrary to the cyber-harassment law. See Pressler & Verniero, Current N.J. Court Rules, cmt. 1 on R. 1:7-4 (2018) (citing Leeds v. Chase Manhattan Bank, N.A., 331 N.J. Super. 416, 420-21 (App. Div. 2000) (affirming the grant of summary judgment even though order merely stated "denied")).

A cyber-harassment violation occurs when a person,

> . . . if, while making a communication in an online capacity via any electronic device or through a social networking site and with the purpose to harass another, the person:
>
> (1) threatens to inflict injury or physical harm to any person or the property of any person;
>
> (2) knowingly sends, posts, comments, requests, suggests, or proposes any lewd, indecent, or obscene material to or about a person with the intent to emotionally harm a reasonable person or place a reasonable person in fear of physical or emotional harm to his [or her] person; or
>
> (3) threatens to commit any crime against the person or the person's property.
>
> [N.J.S.A. 2C:33-4.1(a).]

Just as the judge found that defendant clearly harassed plaintiff through her phone calls, emails, and internet postings, there is no doubt that defendant's

internet posting constitutes cyber-harassment. And, as with the acts of harassment, the second-prong of <u>Silver</u> is not satisfied to justify an FRO due to defendant's cyber-harassment. Likewise, there has been no showing that defendant will continue to cyber-harass plaintiff considering that the reason she did so before – to thwart plaintiff's cooperation with the allegations that she committed bigamy – is no longer an issue. The mere fact that plaintiff's shameful posting cannot be erased from the internet does not satisfy the intent behind the issuance of an FRO: to prevent future harm from "immediate danger or to prevent further abuse." <u>Silver</u>, 387 N.J. Super. at 127. There is no provision of the cyber-harassment law that requires us to rule otherwise.

That said, we do not minimize the wrongfulness of defendant's behavior. Nothing in this opinion precludes victims of "revenge porn" in future cases from obtaining civil restraints where there is sufficient proof of the likelihood of future harm. In addition, such victims can always seek relief from the criminal justice system.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

8

A-4040-17T4